UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLIE KAY ELY,

            Petitioner,

-vs-                                  Case No. 5:16-cv-711-Oc-37PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

            Respondents.
_____

## **O R D E R**

This cause is before the Court on Respondents' Motion for Rehearing/Reconsideration (Doc. 22; Motion). Petitioner opposes the Motion (Doc. 23; Resp.).

The Court entered an Order granting in part Petitioner's writ of habeas corpus. *See* Order (Doc. 20). Specifically, the Court conditionally granted the writ of habeas corpus as to Grounds Two and Three unless the State of Florida, within ninety days, initiates new trial proceedings consistent with the law. *Id.* at 53.

In the Motion, Respondents state, "Petitioner failed to demonstrate that the state courts' holdings on [Grounds Two and Three] were so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *See* Motion at 4. In opposition, Petitioner argues Respondents simply seek to "relitigate old matters." *See* Resp. at 2.

Respondents do not cite a rule of procedure upon which they rely for the relief they seek. The Court presumes they proceed under Rule 59(e) of the Federal Rules of Civil Procedure, which affords the Court discretion to "alter or amend a judgment." Fed. R. Civ. P. 59(e). *See also Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). A party seeking relief under Rule 59(e) must show "manifest errors of law or fact" or newly discovered evidence. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citing *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). A district court should deny a Rule 59(e) motion where the movant simply reiterates arguments previously addressed. *Lesley v. David*, 186 F. App'x 926, 929 (11th Cir. 2006) (affirming the district court's denial of a motion to alter or amend the judgment because the movant had "simply reiterated his earlier claims"). *See also Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 777 (11th Cir. 2018) (holding the district court did not abuse its discretion denying a Rule 59(e) motion where the petitioner "cast his arguments as pointing out manifest errors of law and fact, [but] did nothing more than seek to relitigate the issues decided against him").

Respondents do not point to newly discovered evidence, but appear to seek relief because of perceived "manifest errors of law or fact." *See* Motion at 4. While Respondents contend the Court improperly applied the doubly deferential standard of review under *Strickland*[1] and the Antiterrorism and Effective Death Penalty Act (AEDPA), they simply rehash the arguments advanced in response to the Petition (Doc. 10), which this Court carefully considered. Thus, relief under Rule 59(e) is not warranted. *See Arthur*, 500 F.3d

---

[1] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

2

at 1343; *Jeffus*, 759 F. App'x at 777. And Respondents' disagreement with the Court's ruling is no basis upon which to obtain relief under Rule 59(e). *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (affirming the district court's denial of a Rule 59(e) motion where the plaintiff merely "disagreed with the district court's treatment of certain facts and its legal conclusions" in granting the defendant's motion for summary judgment).

Accordingly, Respondents' Motion (Doc. 22) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this 20th day of March, 2020.



ROY B. DALTON JR.
United States District Judge

Jax-6 3/20
c:
Counsel of Record